UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NATHANIEL PAGE,

                **Plaintiff,**                                            **REPORT AND
RECOMMENDATION**

        -against-                                                 CV-99-2107 (JBW)

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

                **Defendant.**
------------------------------------------------------------------X
**GOLD, S., U.S.M.J.:**

       This case was closed on November 3, 2000, when judgment was entered in favor of plaintiff and the case was remanded to defendant Commissioner for further proceedings. Docket Entries 23-24. On December 5, 2010, plaintiff submitted a letter challenging the actions of the Social Security Administration ("SSA") after remand. Docket Entry 29. Senior United States District Judge Jack. B. Weinstein referred plaintiff's letter to me for report and recommendation. Docket Entry 30.

       As I directed in an order issued January 7, 2011, defendant submitted a response to plaintiff's letter on January 20, 2011. Docket Entry 32. I then held a telephonic conference with the parties on February 4, 2011. During that conference, Mr. Page explained why he claimed SSA's actions denied him the full amount of benefits to which he was entitled. *See* Transcript of Feb. 4, 2011 ("Tr."), Docket Entry 34. Plaintiff's claims may be summarized as follows: first, that he became disabled in 1985, but has received disability payments only from 1990 forward (Tr. 4-6); second, that the amount of the disability benefits he has received was improperly reduced because he received a widower's benefit (Tr. 7-9); third, that amounts withheld from his benefits for attorney's fees were excessive (Tr. 10); and fourth, that the amount of his monthly

benefit payment is too low (Tr. 12).

I directed defendant Commissioner to respond in writing to the concerns raised by plaintiff during the conference. Defendant did so on June 2, 2011. Docket Entry 39. By Order dated April 13, 2011, I directed plaintiff to file any response to defendant's submission by July 5, 2011. As of the date of this report, however, plaintiff has not submitted a response.

Defendant's submission ("Def. Ltr.") accurately identifies the issues plaintiff raised during the conference on February 4, 2011, and addresses each in turn. I do likewise here, although without the benefit of any response by plaintiff to defendant's explanation of its position.

Plaintiff first complains that, although he became disabled in 1985, he received disability benefits only for a period beginning several years later. Tr. 4. Defendant does not dispute plaintiff's claim that he became disabled in 1985. According to defendant, however, plaintiff did not apply for benefits until December 17, 1991. *See* Def. Ltr. at 2 (citing to plaintiff's 1991 application, part of the administrative record, in which plaintiff indicated he had not filed any previous application for benefits); Infiesta Decl. ¶ 5, Docket Entry 39. Disability benefits may be paid only for a period of up to twelve months before an application for benefits is filed. 42 U.S.C. § 423(b). Thus, it appears that plaintiff was not improperly denied disability payments for the period prior to December 17, 1990.

Plaintiff next contends that SSA improperly reduced the amount of his disability benefit because he received widower's benefits. As defendant points out, however, off-setting reductions are required by law when an individual, like plaintiff, is entitled to benefits that were not paid in the months in which they were due, and is also entitled as an individual or spouse to

Supplemental Security Income ("SSI") benefits for the same months. 42 U.S.C. § 1320a-6(a). Here it appears that plaintiff was receiving SSI benefits and widower's benefits for at least part of the time that he was awarded disability benefits after the remand in this case. The amount of offsets are set forth in defendant's letter and in the declaration of Assistant Regional Commissioner Julio Infiesta and supporting exhibits. Def. Ltr. at 3-4; Infiesta Decl. ¶¶ 7-12. Although I am unable to determine whether the offsets were accurately calculated, it is clear that some amount was appropriately set off.

Plaintiff challenges the amount withheld for attorney's fees. Plaintiff's attorney was paid a total of $8,734.20 in two installments. Infiesta Decl. ¶ 18. SSA originally withheld $13,537 for attorney's fees, but subsequently refunded $4,646.80 of that amount to plaintiff. Infiesta Decl. Exs. L, M. Administrative fees apparently account for the remaining balance. While the precise manner in which the attorney's fees were calculated is not clear, the total amount paid in attorney's fees is substantially less than plaintiff asserted during the telephone conference. Moreover, counsel for defendant represents that the fee amount does not exceed the 25 per cent of past-due benefits permitted by law. Def. Ltr. at 4; 42 U.S.C. § 406(a)(4).

Plaintiff's final argument is that the benefit amount he receives each month is too low. Plaintiff's argument seems to be that his benefit amount was calculated based upon an understatement of his actual wages. Tr. 12. According to SSA records, plaintiff earned income from 1961 until 1985. Infiesta Decl. Ex. E. These records are evidence of wages earned for purposes of proceedings before the Commissioner of Social Security, and their accuracy may be challenged only during a limitations period that, in this case, has long since expired. 42 U.S.C. §§ 405(c)(3), (c)(4) and (c)(1)(B). Assistant Regional Commissioner Infiesta asserts that

plaintiff's benefit amount was properly calculated based upon his earnings record. Infiesta Decl. ¶ 13.

As indicated above, this case was closed in 2000. Defendant has filed a detailed submission addressing each of the concerns raised by plaintiff during the conference I held on February 4, 2011. Each of defendant's responses appears to be consistent with controlling law and supported by relevant documentation. Plaintiff has not filed any opposition or challenge to defendant's submission. Accordingly, I respectfully recommend that the Court take no further action in this case.

Any objections to the recommendations contained in this report must be filed with the Clerk of the Court within fourteen days of this Report and in any event no later than August 4, 2011. Failure to object to this report may waive the right to appeal the district court's order. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72; *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

/s/
**Steven M. Gold**
**United States Magistrate Judge**

**Brooklyn, New York**
**July 18, 2011**

U:\page 99-cv2107 071311.wpd